**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4878**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ANTOWAN THORNE, a/k/a Smooth,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:14-cr-00165-LMB-1)

Submitted:  June 17, 2015    Decided:  June 30, 2015

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Edwin F. Brooks, EDWIN F. BROOKS, LLC, Richmond, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Michael P. Ben'Ary, Assistant United States Attorney, Marc J. Birnbaum, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, Antowan Thorne was convicted of the lesser-included charge of conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012). The district court sentenced Thorne to 300 months' imprisonment, which was in the middle of his Sentencing Guidelines range of 262-327 months. The calculation of this range was driven by Thorne's career offender designation. See U.S. Sentencing Guidelines Manual § 4B1.1 (2014). This appeal timely followed.

On appeal, Thorne raises four issues for our consideration. He first challenges the sufficiency of the Government's evidence underlying his conviction and takes issue with the district court's decision to credit the cooperating witness's testimony. Thorne's next three issues relate to the computation of his Guidelines range. Specifically, Thorne asserts that one of his career offender predicates was improperly counted and that the district court erred in enhancing his base offense level for possessing a firearm and obstructing justice. For the reasons that follow, we reject these arguments and affirm the judgment.

I.

Thorne first contends that the district court erred in denying his Fed. R. Crim. P. 29 motions during and at the conclusion of trial. We review de novo the denial of a Rule 29

motion for a judgment of acquittal. United States v. Strayhorn, 743 F.3d 917, 921 (4th Cir.), cert. denied, 134 S. Ct. 2689 (2014). A defendant challenging the sufficiency of the evidence faces "a heavy burden." United States v. McLean, 715 F.3d 129, 137 (4th Cir. 2013) (internal quotation marks omitted). The verdict must be sustained if "there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and alteration omitted). Furthermore, it is the trier-of-fact, "not the reviewing court, [that] weighs the credibility of the evidence and resolves any conflicts in the evidence presented[.]" McLean, 715 F.3d at 137 (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." United States v. Ashley, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

To convict Thorne of conspiracy to distribute heroin, the Government had to prove the following essential elements: "(1) an agreement between two or more persons to engage in conduct

3

that violates a federal drug law; (2) the defendant's knowledge of the conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy." United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010).

With these standards in mind, we conclude that the Government's evidence was more than sufficient to support Thorne's conviction. The cooperating witness testified that, during the time period alleged in the indictment, the witness and Thorne worked together to sell Thorne's heroin to a broader array of customers. Thorne was the witness's primary source for heroin, and the witness sold between 100 and 150 grams of heroin obtained from Thorne. Their relationship was based on the common goal of selling more drugs and thus making more money.

Thorne nonetheless contends that the Government failed to demonstrate a conspiracy because there was no direct evidence of an agreement between Thorne and any co-conspirator; none of the purchasers further sold the heroin they obtained from Thorne; and there was no testimony establishing profit-sharing. Thorne contends that the witness was, at the most, simply another customer of Thorne's.

Thorne's arguments fail on this record. Individuals involved in drug trafficking ventures do not memorialize their agreements in writing, and we have long recognized that, "[g]iven the 'clandestine and covert' nature of conspiracies,

4

the government can prove the existence of a conspiracy by circumstantial evidence alone." United States v. Howard, 773 F.3d 519, 525 (4th Cir. 2014). Here, though, the Government had more than circumstantial evidence; the witness testified, directly, as to the purpose of joining forces with Thorne and to obtaining heroin from Thorne for resale. See United States v. Edmonds, 679 F.3d 169, 174 (4th Cir.) ("[A]ny agreement made *in addition to or beyond* the bare buy-sell transaction may be taken to infer a joint enterprise between the parties beyond the simple distribution transaction and thereby support a finding of conspiracy."), vacated on other grounds, 133 S. Ct. 376 (2012). Finally, the lack of evidence of profit-sharing is not dispositive of whether a drug-trafficking conspiracy exists.

Thorne's attempts to undermine the witness's credibility likewise are unsuccessful. The district court, sitting as the trier-of-fact, was in the best position to weigh the witness's credibility and demeanor, and acted well within its bounds in choosing to credit the witness's testimony. See United States v. Crawford, 734 F.3d 339, 343 (4th Cir. 2013) (compiling Fourth Circuit precedent for the proposition that, "although the fact-finder can consider a witness's status as a drug user or criminal history in assessing his or her credibility, this Court has not found that these attributes render a witness per se unreliable"), cert. denied, 134 S. Ct. 1528 (2014). And, as the

5

district court noted, the witness's testimony was corroborated by testimony from two other witnesses who regularly and frequently purchased heroin from both Thorne and the witness. We thus affirm Thorne's conviction.

II.

Thorne's primary sentencing argument is that the district court committed reversible procedural error in its application of the modified categorical approach in determining his career offender status. For the reasons that follow, we find any error in this regard to be harmless and thus affirm Thorne's career offender designation.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for procedural and substantive reasonableness,[1] "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir. 2012); see Gall v. United States, 552 U.S. 38, 46, 51 (2007). In first evaluating procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors,

---

[1] Thorne does not challenge the substantive reasonableness of his sentence.

6

selected a sentence supported by the record, and sufficiently explained that sentence. See Gall, 552 U.S. at 51.

A defendant is a career offender if he was at least 18 years old at the time of the instant offense, the instant offense is a drug felony or crime of violence, and the defendant has at least two prior felony convictions for drug offenses or crimes of violence. USSG § 4B1.1(a). A prior conviction qualifies as a "crime of violence" if the offense is punishable by more than one year of imprisonment and, as relevant to this case, "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" USSG § 4B1.2(a)(1). This court reviews de novo the district court's conclusion that a prior conviction qualifies as a crime of violence. See United States v. Gomez, 690 F.3d 194, 197 (4th Cir. 2012).

Thorne only contests the viability of his second career offender predicate, to wit: Thorne's 2008 guilty plea, in the Superior Court for the District of Columbia, to conspiracy to obstruct justice, and resulting 36-month sentence. Thorne pled guilty to violating D.C. Code § 22-722(a)(2)(A), which provides, in relevant part:

A person commits the offense of obstruction of justice if that person:

(2) Knowingly uses intimidating or physical force, threatens or corruptly persuades another person, or by

7

threatening letter or communication, endeavors to influence, intimidate, or impede a witness or officer in any official proceeding, with intent to:

(A) Influence, delay, or prevent the truthful testimony of the person in an official proceeding[.]

In his objection to the use of this predicate, Thorne argued that this statute of conviction was divisible, under Descamps v. United States, 133 S. Ct. 2276 (2013), and thus that the court needed to utilize the modified categorical approach to determine if Thorne's conviction qualified as a crime of violence. Considering only the factual proffer that accompanied Thorne's plea agreement in that matter, defense counsel argued that it did not support a finding that Thorne was convicted of a crime of violence because it established, at the most, a threat of harm to an individual made vis-à-vis a third party.

The district court first rejected this argument based on the factual proffer. But the court went on to buttress this conclusion by citing the magistrate judge's report and recommendation, in Thorne's unrelated supervised release revocation proceeding in another federal district court, in which the magistrate judge recommended finding that this conviction qualified as a crime of violence under the modified categorical approach.

On appeal, Thorne claims the district court committed reversible procedural error in relying on the magistrate judge's

recommendation to support its analysis. As we have explained, the modified categorical approach:

> [M]ay be used in cases where the state statute under which the defendant was previously convicted sets out one or more elements of the offense in the alternative, but not where the statute is indivisible. Moreover, even under the modified categorical approach, the later court is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented. The judge may not consider police reports or complaint applications.

United States v. Flores-Granados, 783 F.3d 487, 491 (4th Cir. 2015) (internal quotation marks and citations omitted). We thus agree that the district court erred in considering the magistrate judge's report in the unrelated revocation case because this is not a Shepard[2]-approved source.

However, this error is rendered harmless by the fact that the district court announced a perfectly sound basis for the same finding immediately prior to noting its consideration of the magistrate judge's report: that the factual proffer accompanying the plea agreement established that Thorne's

---

[2] Shepard v. United States, 544 U.S. 13 (2005). As we recently explained, in assessing a prior guilty plea, Shepard-approved documents include "the charging document, plea agreement, plea transcript between the judge and the defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." United States v. Span, __ F.3d __, 2015 WL 3541800, at *4 (4th Cir. June 8, 2015) (internal quotation marks omitted).

conviction was for a crime of violence. Indeed, the agreed-upon factual proffer clearly established that the threatened use of physical force against another was an element of Thorne's conviction under D.C. Code § 22-722(a)(2)(A) — even if that threat was not directly communicated to the intended victim. See USSG § 4B1.2(a)(1).

Significantly, Thorne does not challenge the general propriety of the district court's utilization of the modified categorical approach or reliance on this Shepard-approved source, and we discern no error in the court's conclusion based thereon. We thus affirm the career offender designation despite the procedural error. See United States v. Savillon–Matute, 636 F.3d 119, 123–24 (4th Cir. 2011) (explaining the harmless error analysis employed when evaluating claims of procedural sentencing error).

Our disposition of this issue effectively moots Thorne's challenges to the two-level firearm enhancement and the two-level obstruction of justice adjustment. Because the offense level established under the career offender Guideline was more than the offense level calculated using the Guidelines for the drug offense including any specific offense characteristic or

adjustment,[3] neither the firearm enhancement nor the obstruction adjustment affected Thorne's sentence. Accordingly, we find these arguments are moot.

For these reasons, we affirm the criminal judgment. We deny Thorne's motion to file a pro se supplemental brief in this counseled appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[3] Prior to application of the career offender Guideline, Thorne had an adjusted offense level of 32 and his criminal history category was IV. As a career offender, Thorne's total adjusted offense level increased to 34, and he was placed in criminal history category VI. See USSG § 4B1.1(b)(2).